RECEIVED
JAN 13 2017
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

01/11/2017

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT of LOUISIANA

GLORIA ANN WIGGINS

    VS                                        3:16 CV 00515

LSU-HCSD....ET

## NOTICE OF APPEAL

PLAINTIFF COMES INTO Court ASKING FOR A HIGHER COURT TO ASSIST IN THIS CASE. CLEARLY THE LAW WAS "misstated" and DEFENDANTS DID NOT WANT THE CURRENT JUDGES TO RENDER ANY DECISIONS IN THIS CASE, BUT EVERY MOTION SUBMITTED BY THE DEFENDANTS WERE GRANTED. Although, there is evidence, the Defendant motions were frivilious and a ploy to hender Discovery to get to the truth was clearly calculating.

THE COURT GRANTED A MOTION on THE 11TH AMENDMENT concern, CLEARLY, 'ex parte, young should have weigh in here.

THE COURTS UNDER THE 12 (b)(c) rule " not stating a claim, surely was sited in favor of the Defendant and all cases stated were not viewed by the court, I ask for help in this issue and am trying to understand why I had to unviel all evidence before the Court would clearly see there was harm asserted here to Plaintiff by the Lafayette Charity Hospital and Staff by giving ECT Shock to Marjiorie Dorothy Robertson without her consent and a father(Peter Robertson 3rd grade illerate) How cruel this procedure was it was administered with no sedative of any type and yet the Defendant tries to deny the fact, this occured. To the honorable Courts, there are 4 witness alive and well and ready to testify to this in human treatment of Electrical Waves of un-measureable current was delivered to Marjorie Dorothy Robertson, a Human Being Being and Mother. This would have come out in Discovery and will.

I pray this court will see through the Mask and deliver a favorable decision to Plaintiff. As, the Plaintiff, I suffered mental anguish, lost of affection, My demand of $3, 000,000,000 is a slim price to pay for an experimental and cruel precedure to a Human Being. Destruction of one's brain cell and loss of long term memories

*Gloria Ann Wiggins* (signature)

Gloria Ann Wiggins

6923 Cabral Street

Pensacola, FL  32503   (850)512-6536 or (850) 760-2485 gloriawiggins.rep1@yahoo.com

Further Notice

1. "Under Federal Law the (limitation) period began to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.

   "Russell v Board of Trustee, 968 F. 2d 489, 493 (5th Cir 1992) (emphasis added) quoting Helton v Clements, 832 F. 2d 332, 335 (5th Cir. 1989. There (i) existence of injury; and causation. Caves v Yarbrough, 991 So. 2d. 142, 154 (miss. 2008) Barnes. "Id. (Referencing Barnes v Singing River Hosp, 733 So 2d 199, 205 (miss 1999)

2. In a Civil rights action, the Court should not frustrate the broad remedial purpose of the Statue, by narrowly applying the exception to the limitation period. Briley v. State of Cal., 564 F. 2d 849, 855 (CA Cal. 1977)

3. Failure to "State a Claim" is a bare bones motion which states the briefest ground asserted. (i) the claim are barred by Chancery Rule 12(b)(6) and are barred pursuant to rule 23.1

4. Id.; McCrory, infra., Defendant bears burden to justify credible and factual events. Plaintiffs see no true showing, that would allow any stay in Discovery.